Coffin, Surr.
Chapter 483 Laws of 1885 is of so recent •enactment that there have been but few decisions authoritatively construing its various provisions. Its constitutionality has lately been determined by the court of appeals, † and it now remains for the courts and officials to carry it into effect.
It seems, that by the first section, all property or the income thereof, given by will to corporations or persons other than “ to or for the use of ifather, mother, husband, *223 wife, children, brother and sister, and lineal descendants born in lawful wedlock, and the wife or widow of a son and the husband of a daughter, and the societies, corporations and the institutions now exempted by law from taxation,” •shall be subject to a tax of five per cent, on the clear market value of such property. The phrase “ lineal descendants ” would seem to include only those who were lineal descendants of the testator or intestate, as appears more especially when read in connection with the next section, which provides, in substance, that when an interest for life shall be devised or bequeathed to a father, mother, husband, wife, children, brother and sister, the widow of a son, or a lineal descendant, with remainder to a collateral heir of the decedent, or to a stranger in blood, etc., the value of the life estate shall be deducted from the fair value thereof, as appraised, at the time of the death of the decedent, and the remainder shall be subject to the tax.
Section three makes legacies to executors or trustees in lieu of commissions, where the amount exceeds legal commissions, and would otherwise be taxable, subject to the tax on such excess. By section six it is made the duty of the administrator, executor or trustee to deduct the tax from a distributive share or legacy, or if the legacy or property be not money, he shall collect the tax upon the appraised value thereof from the legatee or person entitled to such property, and if in money for a limited period he •shall retain the tax upon the whole amount. Then follow •other provisions of the act, which it is not now necessary to consider, until we come to section thirteen, which directs that the value of property of persons whose estates shall be subject to the payment of the tax, shall be fixed by some competent person as appraiser, to be appointed by the surrogate, as often as and whenever occasion may require, who shall proceed, as therein directed, to make such appraisal. He shall make a report in writing to the surrogate of the value so fixed, together with such other facts as the surrogate may require, who shall therefrom ‘ ‘ forthwith assess *224 and fix the then cash value of all estates, annuities and life' estates or term of years growing out of said estate, and the-tax to which the same is liable, and shall immediately give-notice,” etc.
One question raised here, if pertinent, relates to the-duty of the appraiser. The bulk of this estate is, as it" appears, money or its equivalent. The whole is given, away in legacies. The value of the money left by the testator cannot be the subject of appraisal, nor can the legacies, but only the estates, etc., if any, which are taxable.. Some misapprehension seems to exist as to the range of the-duties of the appraiser in fixing “ the value of property of persons whose estates shall be subject to the payment of' said tax.” It appears to be generally assumed that 'the-word “ estates ” means estates of decedents. This view is erroneous. The word “persons” preceding “whose-estates,” according to lexicographers, applies only to the living, and the statute clearly should be construed to mean. “ persons whose estates are inherited or are created by will shall be subject to the payment of the tax.” Of course, in. making the appraisal, the duty of the appraiser is confined to fixing and reporting the value of any articles specifically bequeathed, as seems to be implied by section six, if ordered, by the surrogate, and of the annuities, life estates, etc.,, which are taxable. Then the surrogate shall assess and fix the then cash value, thereof and the tax to which the same-are liable. The words “ the same,” doubtless, refer to life estates, annuities, etc. It will be observed that nothing is here said about fixing any value on legacies in money or in ■specie and the tax thereon. The tax on them and the collection thereof is sufficiently provided for by section six,, which directs the executor, administrator or trustee to-deduct the tax from the share or legacy, and to collect the tax on the appraised value of the specific legacy before-delivery. If, however, life estates in money or land are-given to any of the persons exempt from the tax, with' remainder over to any of the persons not exempt, then the- *225 appraiser will also be directed to report the value of such remainders, in order that the surrogate may be enabled to fix the tax thereon. But, as by the will in this case, no such estates are created, and legacies in money only are given, and as the inventory7 abundantly shows that the estate far exceeds §500 in value, there is no occasion for the appointment of an appraiser. The will directed a sale of testator’s real estate, and therefore operated as an equitable conversion of it into personalty, at the.moment of his death. Hence, the whole of the estate is to be regarded as of that character, and the executors must retain the tax, as fixed by the act, out of the amount of each legacy, but an executor, etc., shall not, by section eight, be entitled to credit in his accounts, nor be discharged from his liability for such tax, unless he produce a proper voucher for the same from the county7 treasurer, sealed and countersigned by the state comptroller. If he shall fail to pay the tax on a money legacy, the remedy is by appropriate proceedings against him, if any be provided.
As an illustration of what would result from a construction which would require the whole estate of a decedent,, any part of which is subject, to, the tax, to be appraised, let us suppose that a testator leaves an estate valued at §200,000, consisting of real estate, a store of goods, money,, bonds and mortgages, government bonds, etc., the whole-of which is devised and bequeathed to his widow and children, except a legacy of $100 to a servant, which is subject to the tax* then the whole estate would have to be appraised in order to reach the five dollars tax on the legacy. The legislature could not have intended any such absurdity.
It is, therefore, only necessary to appoint an appraiser where specific legacies, subject to tax, are given, or where taxable inheritances exist, or estates in fee are devised, or remainders, annuities, life estates, or terms of years, are created ; and it would seem that it is only in such cases, or - some of them, that the county treasurer, under section seventeen, may notify the district attorney, who is required! • *226 by section sixteen to apply for the citation to those interested in the property and take the proceeding therein provided.. And it is likewise only in such cases that the decree made may be docketed against the “persons interested in the property liable to tax.” In short, it seems that neither the surrogate nor the appraiser has anything to do with the tax upon taxable money legacies or distributive shares, except perhaps that the former may to a limited extent, coerce payment thereof by the executor or administrator. In the latter case the liability to pay the tax is imposed upon the legal representative; in the former upon the life tenant, remainderman, etc. The only method provided by ■the act that I can discover which the surrogate may employ to enforce the liability to pay, imposed upon him, is to ■refuse to allow him credit on his accounting for the amount of such liability, unless he produce the voucher required by •the act. His liability will continue, but no provision seems to have been made as to how payment shall be enforced by * these courts. He is not within the purview of sections sixteen and seventeen, as they relate and apply solely to the persons interested in the property liable to the tax.* If he, as frequently occurs, settle with the legatees, who are all of age, and retain the amount of the tax in his hands, take releases and render no account, the county treasurer is empowered by section twenty-one to “ collect ” that, as well as all •other taxes. Of course, there being an obligation imposed on •the executor or administrator to pay him, he. may resort to ¡any court of law to enforce payment. Briefly then he must «collect the tax on legacies and distributive shares from them, while on estates inherited or created by will, from the owners thereof, and in the latter case by proceedings provided for in sections sixteen and seventeen, or otherwise as he may be advised.
It results, from the views expressed, that both applications should be denied.

 In Matter of McPherson, 104 N. Y. 306. See note, post, p. 234. ■The act does not apply to a legacy which vested before the passage •of the act, although the right of possession did not accrue until afterwards. Matter of Cogswell, 4 Dem. 248.

 The amendatory act (L. 1887, c. 713), seems to leave this matter in the same condition.